## BERTEAR v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10773. Decided March 10, 1930

Ezra Z. Shapiro and A. E. Goldhamer, both of Cleveland, for Bertear.

David Hertz, Cleveland, for State.

WILLIAMS, J and RICHARDS, J (6th Dist) sitting.

RICHARDS, J.

On the trial of the case each of the

conspirators,—Dow, Mintz and Bertear,—testified and the testimony of each shows the existence of the conspiracy to prosecute a false claim to recover damages for a personal injury that was never sustained. The conspiracy being fully established, each conspirator was liable for the acts performed by the others in furtherance thereof and we do not regard it as important whether Bertear actually knew that the forgery committed by Dow in signing his wife's name to the verification was the forgery of her signature to a verification or whether he believed it was a forgery of her signature to a contract in furtherance of the conspiracy. Dow himself knew that it was a verification to a petition and his co-conspirator Bartear would be liable as an aider and abettor for the criminal act of Dow. With each conspirator testifying to the existence of the conspiracy, and each bound by the acts and statements of the others in furtherance thereof, it is difficult to see how any other result could be reached in the case except a verdict of guilty. **Gregory vs. State, 26 Ohio St. 510.** The court charged the jury to that effect and in so doing we find no prejudicial error.

On the trial of the case Mrs. Dow was called as a witness on behalf of the state and under cross-examination was inquired of as to whether she knew that her husband had been promised immunity in connection with his plea of guilty. When the question was propounded the court informed the jury that it was a direct reflection upon the court and the prosecuting attorney's office and informed counsel that to ask the question was very unethical conduct unless he had substantial grounds for asking it. This statement, in a somewhat more elaborate form, was excepted to by counsel for the defendants. It appears from the record that counsel who asked the question stood at the bench shortly theretofore when Dow pleaded guilty and on that occasion Dow had been inquired of whether anybody had promised him anything for so doing and answered "no," in the presence of counsel on both sides. We assume, of course, that counsel would not be bound by the answer of Dow thus made. At the stage in the trial where this incident occurred, Norman Dow had not testified and, of course, counsel for the defense was not aware whether he would be called as a witness. We think it was entirely premature to inject into the record something intended to affect his credibility before he had been called as a witness. We do not find any prejudicial error in the action of the court in reprimanding counsel for asking the question under the circumstances, in view of the fact not only that the matter was premature but that it appears from the record that no foundation in fact existed for asking the question.

We have examined all the errors assigned and find none to the prejudice of plaintiff in error. For the reasons stated the judgment will be affirmed.

Williams, J., concurs.